IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID PATRICK BOONE**                                                      **PLAINTIFF**

v.                                                      No. 3:25CV323-MPM-RP

**FAMILY RESOURCE CENTER**
**OF NORTHEAST MS, ET AL.**                                      **DEFENDANTS**

**ORDER *DISMISSING* PLAINTIFF'S MOTION [9] FOR A SCHEDULING**
**ORDER; *DENYING* PLAINTIFF'S MOTION [15] TO STAY PROCEEDINGS**
**UNTIL HE EXHAUSTS REMEDIES IN STATE COURT**

This matter comes before the court on the motion [9] by the plaintiff for a scheduling order in this case, as well as his motion [15] to stay the instant case until he may exhaust his state remedies. For the reasons set forth below, the plaintiff's motion [9] for a scheduling order will be dismissed, and his motion [15] to stay will be denied.

**Motion [9] for a Scheduling Order**

*Pro se* prisoner cases proceed in accordance with this court's local rules, which state that "[*pro se* prisoner cases] are governed by orders entered in the particular case itself." Rule 81, Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi. In proceeding with such cases, the court does not enter a scheduling order until after at least one defendant answers the complaint. As no defendant has answered, the instant motion [9] for a scheduling order will be dismissed without prejudice as premature.

**Motion [15] to Stay Proceedings**

The plaintiff has also requested [15] a stay of these proceedings until he exhausts the direct appeal of his criminal conviction, as well as any requests for post-conviction collateral relief. The

plaintiff has clarified in the instant motion [15] that the instant case is *not* a petition for writ of *habeas corpus* under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. As will be discussed in a separate order, it appears that any civil action for damages in this court is premature, as his conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). As the plaintiff concedes that his attempts to challenge his conviction through an application for state post-conviction relief are ongoing, it appears that the instant case should be dismissed under the holding in *Heck*, *supra*. The instant case need not be stayed, as this cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction is overturned or invalidated. Hence, the present motion [15] to stay proceedings will be denied.

## Conclusion

In sum, the plaintiff's motion [9] for a scheduling order is **DISMISSED** without prejudice as premature, and the instant motion [15] to stay proceedings is **DENIED**.

**SO ORDERED**, this, the 8th day of January, 2026.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE